RANFT, APPELLANT, v. COLUMBIA GAS OF OHIO, INC.; APPELLEE.*

(No. 78AP-43—Decided May 25, 1978.)

Messrs. *Lucas, Prendergast, Albright, Gibson, Brown & Newman,* for appellant.

Mr. *James L. Fullin* and Mr. *James R. Berendsen,* for appellee.

WHITESIDE, J. Plaintiff appeals from a judgment of the Franklin County Court of Common Pleas and raises two assignments of error, as follows:

"1. The trial court erred in granting a summary judgment in favor of the appellee.

"2. The trial court erred in dismissing the complaint for lack of subject matter jurisdiction."

Plaintiff's several predecessors in title granted various right-of-way easements to defendant for the purpose of installing a gas transmission line. In addition to monetary consideration, the easements provide that the grantors of the easements and their assigns shall have the right to purchase gas for use on the premises. Although apparently the property remains undeveloped, and no gas service has previously been utilized, plaintiff made an application to defendant for gas service in connection with a warehouse and other commercial buildings which he intends to construct upon the land. By letter of January 13, 1977, plaintiff received the following letter from defendant:

"This is in response to your inquiries relative to the application of John J. Ranft for natural gas service at property owned by him located in Section 30, Truro Township, Franklin County. The tract is made up of three parcels which Mr. Ranft acquired from three separate owners. A Columbia Gas of Ohio pipeline traverses the property by virtue of easements obtained from Mr. Ranft's grantors in 1964. The easements contained a provision giving the property owner the right to gas service for use on the premises. Gas service has never been commenced.

"It is my understanding that Mr. Ranft intends to construct a warehouse and other commercial buildings on that tract of land. His application for natural gas service to the proposed buildings was rejected and Mr. Ranft was informed that he was entitled to only one tap which would be limited to residential service.

"With respect to applications for natural gas service under right of way agreements, Columbia Gas of Ohio is following the provisions of an order of the Public Utilities Commission of Ohio dated February 18, 1976, in case No. 75-584, which authorized the deferral of all such applications for a period of eighteen months commencing March 1, 1977, unless the application is ready to receive full service on or before such date. The order further provided that any new gas service be limited to one tap if the right of way does not provide for a specific number of taps.

"In view of the foregoing, Mr. Ranft would currently be able to obtain a tap for residential gas service on the

properties covered by the right of way agreements provided that he is ready to receive full service on or before March 1, 1977. Gas service for commercial purposes is not available.''

The easements in question do not make limitations as to residential use or as to the number of taps as set forth in the aforesaid letter.

After receiving the letter, plaintiff brought this action, seeking various types of relief, including compensation for the ''taking'' of the right to gas service as set forth in the easements.

After responding by answer, defendant filed a motion to dismiss for lack of subject matter jurisdiction and a motion for summary judgment, to which was attached an uncertified, 21-page order of the Public Utilities Commission of Ohio. Plaintif raises no issue as to the form in which the order was submitted, and, accordingly, it will not be considered by this court upon this appeal.

The trial court sustained the motion apparently upon both grounds. By R. C. 4905.04, the Public Utilities Commission is vested with power and jurisdiction to supervise and regulate all public utilities. R. C. 4909.16 confers upon the Public Utilities Commission jurisdiction in an emergency to restrict the services rendered by a public utility. See *Inland Steel Development Corp.* v. *Pub. Util. Comm.* (1977), 49 Ohio St. 2d 284. Apparently within this power, the Public Utilities Commission issued the order upon defendant's application, upon which defendant relies to terminate unexercised and outstanding commitments for gas service and to limit new gas service pursuant to right-of-way agreements to one tap for residential service only. R. C. 4903.12 provides in part: ''No court other than the supreme court shall have power to review, suspend, or delay any order made by the public utilities commission * * *.''

However, by this action, plaintiff does not in any way challenge the effectiveness of the Public Utilities Commission order but, rather, accepts the effect of such order. Plaintiff contends that he has contractual rights affected by such order for which he is entitled to compensation. The

Public Utilities Commission is not a court, much less a court of general jurisdiction, and has no power to determine legal rights and liabilities with respect to contract rights or property rights, even though a public utility be involved. *New Bremen* v. *Pub. Util. Comm.* (1921), 103 Ohio St. 23; *Southgate Development Corp.* v. *Columbia Gas Transmission Corp.* (1976), 48 Ohio St. 2d 211; and *State, ex rel. Dayton Power & Light Co.,* v. *Riley* (1978), 53 Ohio St. 2d 168. In the *Dayton* case, it is stated at page 169, as follows:

"This court has stated that the courts of this state are available to supplicants who have claims sounding in contract against a corporation coming under the authority of the Public Utilities Commission. * * * '[T]he public utilities commission is in no sense a court. It has no power to judicially ascertain and determine legal rights and liabilities, or adjudicate controversies between parties as to contract rights or property rights.' "

The Public Utilities Commission has no jurisdiction over the subject matter of this action, assuming that plaintiff has a claim for relief, but, rather, such jurisdiction is vested in the Court of Common Pleas. Accordingly, the trial court erred to the extent that it held that this cause should be dismissed for lack of subject matter jurisdiction. The second assignment of error is well taken.

Although the trial court stated in its decision that there are no factual disputes, there may well be such factual issues. All that was before the trial court upon the motion for summary judgment was the fact that plaintiff claims to be a predecessor in title (which defendant has denied for lack of knowledge) to grantors of certain right-of-way easements, who by such easements were given a right to gas service, so long as the gas transmission lines remained on their properties. Plaintiff does not seek by this action to exercise such right to gas service in light of the order of the Public Utilities Commission but, instead, seeks compensation for being deprived by defendant of the right to such gas service in accordance with the right-of-way easements, which right defendant was authorized to limit and

terminate by order of the Public Utilities Commission upon the application of defendant.

In the *Inland Steel* case, *supra*, the Supreme Court had under consideration the same order of the Public Utilities Commission relied upon by defendant herein. Although in that case the Supreme Court found the order to be valid, it recognized that the order constituted an interference with contractual obligations and did not determine the question, because it was not and could not be properly before it, of whether plaintiff is entitled to compensation from defendant for the taking of this contractual right, even if only for a temporary period.

Assuming that the refusal of service is for a temporary period only, 18 months commencing March 1, 1977, pursuant to the commission order, it is extremely doubtful that plaintiff would be entitled to the remedy it seeks of cancellation of the easement. However, assuming that plaintiff has a real need for immediate gas service, defendant, by exercising the right authorized by the commission order to refuse to provide such service contrary to the right-of-way agreement is depriving plaintiff of a valuable contractual right.

Section 5, Article XIII, Ohio Constitution, guarantees that, when a corporation appropriates a right-of-way, it must make full compensation therefor. The compensation for the easements in question consisted primarily of the granted right to receive gas service, if needed. It was not restricted to a single tap, nor restricted to residential use. Defendant has now so restricted such right pursuant to the Commission order, which it sought. If defendant wishes to continue to enjoy the benefits of the right-of-way easements, it cannot avoid the burdens thereof, even if justified by public need, unless it makes compensation for the right appropriated in order to meet such public need, in this case curtailment of gas service because of a shortage of gas. Accordingly, although defendant is not required to provide gas service to plaintiff (which plaintiff recognizes and does not seek in this action), defendant may be required to compensate plaintiff for depriving him of that valuable con-

tractual right. Whether or not plaintiff is entitled to compensation, and if so the amount thereof, cannot be ascertained from that which has been submitted in support of the motion for summary judgment. However, the complaint does state a claim for such relief, even though it is doubtful as to whether plaintiff could be entitled to relief by way of cancellaton of the easement or for an accounting. Therefore, the first assignment of error is also well taken.

For the foregoing reasons, both assignments of error are sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

STRAUSBAUGH and REILLY, JJ., concur.