INLAND STEEL DEVELOPMENT CORP., APPELLANT, *v.* PUBLIC
UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as Inland Steel Development Corp. v. Pub. Util.
Comm. (1977), 49 Ohio St. 2d 284.]

(No. 76-632—Decided March 30, 1977.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman, Mr. Rankin M. Gibson* and *Mr. James E. Melle,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Charles S. Rawlings* and *Mr. Ronald E. Prater,* for appellee.

LOCHER, J. Inland assails the commission's order on the basis of lack of jurisdiction from two fronts:

(1) No section of the Ohio Revised Code empowers the commission to adjudicate controversies involving contract and property rights; and

(2) the commission is without jurisdiction to adjudicate the same subject matter presently before the Court of Common Pleas and must dismiss that part of the appli-

cation filed with it that relates to the pending lawsuit. R. C. 4909.16 reads, in pertinent part:

"When the Public Utilities Commission deems it necessary to prevent injury to * * * the public * * * in case of any emergency to be judged by the commission, it may temporarily alter, amend, or, with the consent of the public utility concerned, suspend any existing rates, schedules, or order relating to or affecting any public utility or part of any public utility in this state. * * *"

This section authorizes the commission, during the existence of natural gas supply shortages, to promulgate emergency orders prohibiting gas utilities from supplying new or additional volumes of gas to either present or prospective customers and authorizing gas utilities to curtail deliveries to their existing customers. *Ohio Manufacturers' Assn.* v. *Pub. Util. Comm.* (1976), 45 Ohio St. 2d 86; *Akron* v. *Pub. Util. Comm.* (1948), 149 Ohio St. 347.

This court has recognized that individual contracts between a public utility and its customers may be affected where such action is reasonably necessary to protect the public health, safety and welfare. As stated by this court in paragraph four of the syllabus in *Akron* v. *Pub. Util. Comm., supra*:

"The provisions of the state and federal constitutions, inhibiting laws impairing the obligation of contract, do not affect the power of the state to protect the public health or the public safety. The rights and privileges arising from contract are subject to regulations for the purposes stated in the same sense and to the same extent as is property owned by natural persons or by corporations."

This appeal does not present an attempt by the commission, through its order of February 18, 1976, to adjudicate contract rights. *New Bremen* v. *Pub. Util. Comm.* (1921), 103 Ohio St. 23. The appeal does present the proper utilization of the commission's jurisdiction to determine if an emergency exists with respect to the supply of natural gas and whether it is necessary to restrict the services received by a prospective customer pursuant to a

right-of-way agreement in order to protect the public health, safety and welfare.

The refusal of service by a public utility is a matter which is in the exclusive jurisdiction of the commission, subject to an appeal to this court. *State, ex rel. Northern Ohio Telephone Co.*, v. *Winter* (1970), 23 Ohio St. 2d 6; *Engel* v. *Columbia Gas of Ohio* (Ct. App. Clark County, unreported, No. 1020, decided June 14, 1976), motion to certify overruled October 14, 1976.

This court held, in paragraph one of the syllabus in *State, ex rel. Northern Ohio Telephone Co.*, v. *Winter*, *supra*:

"The General Assembly, by the enactment of statutory provisions requiring a public utility to file and adhere to rate schedules, forbidding discrimination among its customers, prohibiting free service, and providing a detailed procedure for service and rate complaints, has lodged *exclusive jurisdiction* in such matters in the Public Utilities Commission, subject to review by the Supreme Court." (Emphasis added.)

Inland filed its action in the Court of Common Pleas more than one month after Columbia filed its application with the commission. Inland's contention of lack of jurisdiction because of the pending lawsuit relies on *New Bremen* v. *Pub. Util. Comm., supra*. Paragraph two of the syllabus in *New Bremen* states:

"When it is properly shown to the Public Utilities Commission that an order prayed for in an application filed with it will affect rights which are involved in *an action pending in a court of general jurisdiction at the time of the filing of the application*, it is the duty of the commission to dismiss the application." (Emphasis added.)

The rule espoused in *New Bremen, supra*, is clearly inapplicable in this situation. Furthermore, acceptance of Inland's argument permits Inland to file an action in the Court of Common Pleas seeking an order to compel Columbia to provide gas service. The eventual result is a review of the commission's order by the Court of Common

Pleas, a function reserved solely for the Supreme Court.

Inland asserts a plethora of other arguments, touching upon three basic issues: (1) the finding of an emergency was not supported by the evidence; (2) the order did not conform with R. C. 111.15; and (3) R. C. 4909.16 is unconstitutional on its face and in its application. Most of these propositions require only brief consideration.

Inland argues that the order of the commission is not supported by evidence which would justify the finding that an emergency exists. This contention, in light of the testimony adduced during the hearing that Columbia is facing a deficiency in the supply of natural gas requiring substantial curtailment of deliveries to existing customers, appears to be without merit.

Secondly, the commission's order modifying the order of June 23, 1972, is not required to conform with R. C. 111.-15. In *Ohio Manufacturers' Assn.* v. *Pub. Util. Comm.,* *supra* (45 Ohio St. 2d 86), this court ruled that emergency interim orders issued pursuant to R. C. 4909.16 need not comply with the procedures in R. C. 111.15. There it was stated, at page 90:

"* * * It is clear that the February 5th and 6th orders were emergency interim orders and, under R. C. 4909.16, the commission has authority to temporarily alter or amend an existing order affecting any public utility in case of emergency without following the procedures in R. C. 111.15 for amendment of rules. * * *"

Finally, Inland attacks the constitutionality of R. C. 4909.16, claiming a deprivation of due process and equal protection. R. C. 4909.16 has been held to be a valid delegation of police power. *Akron* v. *Pub. Util. Comm., supra* (149 Ohio St. 347). Judge Taft, writing for this court in *Benjamin* v. *Columbus* (1957), 167 Ohio St. 103, stated, in the fifth paragraph of the syllabus:

"Although almost every exercise of the police power will necessarily either interfere with the enjoyment of liberty or the acquisition, possession and production of property, within the meaning of Section 1 of Article I of

the Ohio Constitution, * * * or deprive a person of property within the meaning of Section 1 of Article XIV of the Amendments to the Constitution of the United States, an exercise of the police power having such an effect will be valid if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary."

Furthermore, a legislative decision that an exercise of police power does bear a real and substantial relationship to the public health, safety, morals or general welfare will not be invalidated unless the decision appears to be clearly erroneous. In this instance, the means—restriction of new service—does bear a real and substantial relationship to the end—prevention of additional curtailment. Furthermore, the commission's temporary interference with contractual obligations, in light of the present gas emergency and the inevitable result if new service is compelled, does not appear either unreasonable or arbitrary. Inland has thus failed to clearly demonstrate that R. C. 4909.16 is unconstitutional on its face or by its application.

The order of the Public Utilities Commission, being neither unreasonable nor unlawful, is affirmed.

*Order affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN and SWEENEY, JJ., concur.