The State ex rel. Ohio Edison Company *v.* Parrott, Judge.

[Cite as *State ex rel. Ohio Edison Co. v. Parrott* (1995), 73 Ohio St.3d 705.]

(No. 95–787—Submitted July 12, 1995—Decided August 10, 1995.)

706

*Roetzel & Andress, Stephen D. Jones* and *E. Joel Wesp,* for relator.

*R. Larry Schneider,* Union County Prosecuting Attorney, for respondent.

*Betty D. Montgomery,* Attorney General, *Duane W. Luckey* and *William L. Wright,* Assistant Attorneys General, urging issuance of the writ for *amicus curiae,* Ohio Power Siting Board.

———

*Per Curiam.*  Because we find that we have exclusive jurisdiction to enjoin orders of the Ohio Power Siting Board, we grant relator's application for a writ of prohibition and vacate the order enjoining construction of the transmission line in case No. 95–CV–0055.

To obtain a writ of prohibition, a relator must show (1) that the court against whom the writ is sought is exercising or about to exercise judicial power, (2) that the exercise of power is unauthorized by law, and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Koren v. Grogan* (1994), 68 Ohio St.3d 590, 592, 629 N.E.2d 446, 448; *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112.  However, where there is a patent and unambiguous lack of subject matter jurisdiction in the court exercising judicial authority, it is not necessary to establish that the relator has no adequate remedy at law in order for a writ to issue.  *State ex rel. Enyart v. O'Neill, supra,* 71 Ohio St.3d at 656, 646 N.E.2d at 1112; *State ex rel. Tilford v. Crush* (1988), 39 Ohio St.3d 174, 176, 529 N.E.2d 1245, 1247.

Respondent acknowledges that it exercised judicial power when it entered the order enjoining construction of the transmission line in case No. 95–CV–0055.  See *State ex rel. N. Ohio Tel. Co. v. Winter* (1970), 23 Ohio St.2d 6, 52 O.O.2d 29, 260 N.E.2d 827.  Thus, the first prong of the test has been met in this case.

In R.C. Chapter 4906, the General Assembly created a comprehensive scheme addressing the process for applying for and granting certificates to construct a major transmission line, such as the one at issue here.  That scheme expresses the General Assembly's intention that such powers are vested exclusively in the board.  See, *e.g., Chester Twp. v. Power Siting Comm.* (1977), 49 Ohio St.2d 231, 3 O.O.3d 367, 361 N.E.2d 436.  Accord *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 152–153, 573 N.E.2d 655, 659.

Pursuant to R.C. Chapter 4906, questions involving approval and placement of certain large transmission lines are solely within the board's domain.  Significantly, power siting projects are exempt from local regulation.  R.C. 4906.13.  Further, no transmission line with a capacity of one hundred twenty-five kilovolts or more may be constructed in Ohio without first obtaining a certificate of environmental compatibility and public need issued by the board.  R.C. 4906.01(B)(2) and

(D), 4906.04, and 4906.98. All interested parties may intervene in these proceedings upon a showing of good cause. Ohio Adm.Code 4906–7–04(A) and (B).

Consistent with this comprehensive scheme, we have exclusive jurisdiction to suspend or delay implementation of an order of the Public Utilities Commission of Ohio, of which the Power Siting Board forms a part:

"No court other than the supreme court shall have power to review, suspend, or delay any order made by the public utilities commission, or enjoin, restrain, or interfere with the commission * * * in the performance of official duties. * * *" R.C. 4903.12.

Pursuant to R.C. 4906.12, this exclusive jurisdiction applies equally to the board's orders.[1] *Chester Twp. v. Power Siting Comm., supra,* 49 Ohio St.2d at 238, 3 O.O.3d at 370, 361 N.E.2d at 441. Thus, we have exclusive jurisdiction to review, suspend, or delay implementation of the board's orders. *Id.*

Admittedly, however, our jurisdiction over matters involving utilities is not entirely exclusive. Other courts retain limited subject matter jurisdiction over tort and some contract claims involving utilities regulated by the commission. See, *e.g., Kazmaier Supermarket, Inc. v. Toledo Edison Co., supra,* 61 Ohio St.3d at 154, 573 N.E.2d at 660 (pure common-law tort claims may be brought in common pleas court); *Kohli v. Pub. Util. Comm.* (1985), 18 Ohio St.3d 12, 18 OBR 10, 479 N.E.2d 840 (failure to warn landowners of dangers regarding voltage actionable in common pleas court); *Milligan v. Ohio Bell Tel. Co.* (1978), 56 Ohio St.2d 191, 10 O.O.3d 352, 383 N.E.2d 575, paragraph three of the syllabus (invasion of privacy actionable in common pleas court); *Marketing Research Serv., Inc. v. Pub. Util. Comm.* (1987), 34 Ohio St.3d 52, 517 N.E.2d 540 (commission has no jurisdiction to resolve breach of contract dispute concerning provision of interstate telecommunications service). But, see, *Gallo Displays, Inc. v. Cleveland Pub. Power* (1992), 84 Ohio App.3d 688, 618 N.E.2d 190 (common-law nuisance claim against utility not actionable in common pleas court).

Respondent argues that the board has no authority to resolve the county's breach of agreement dispute with relator, contending that this case is the limited type which vests jurisdiction in the common pleas courts. We agree that respondent may have jurisdiction over the county's claim that relator breached its agreement with the county. See *Marketing Research Serv., Inc. v. Pub. Util. Comm., supra,* 34 Ohio St.3d at 56, 517 N.E.2d at 544. However, that does not

---

1. R.C. 4906.12 provides:

"Sections 4903.02 to 4903.16 and 4903.20 to 4903.23 of the Revised Code shall apply to any proceeding or order of the power siting board under Chapter 4906. of the Revised Code, in the same manner as if the board were the public utilities commission under such sections."

also vest respondent with jurisdiction to enjoin construction of a board-approved transmission line. Only we have that authority. R.C. 4903.12.

Respondent restrained construction of a board-approved transmission line because of its location. Questions involving the location of a transmission line are exclusively within the board's domain. R.C. 4906.13. As stated previously, we have exclusive jurisdiction to review, suspend, or delay implementation of orders by the board. R.C. 4903.12. Therefore, respondent's exercise of jurisdiction by entry of an order stopping construction of the transmission line was unlawful. Accordingly, the second prong of the test to obtain a writ of prohibition has also been met in this case.

Finally, upon reviewing the clear language of R.C. 4903.12 and 4906.12, we find that respondent's lack of subject matter jurisdiction to exercise judicial authority in case No. 95–CV–0055 is patent and unambiguous. Thus, relator need not establish that it has no adequate remedy at law in order to obtain a writ of prohibition in this case. See *State ex rel. Enyart v. O'Neill, supra,* 71 Ohio St.3d at 656, 646 N.E.2d at 1112; *State ex rel. Tilford v. Crush, supra,* 39 Ohio St.3d at 176, 529 N.E.2d at 1247. Therefore, we hold that respondent's exercise of judicial authority by entry of a restraining order in case No. 95–CV–0055 was and is unlawful, and a writ of prohibition shall issue to prevent any further exercise of jurisdiction regarding construction of the transmission line. Our decision does not affect respondent's jurisdiction in case No. 95–CV–0055 regarding the county's claim against relator for money damages if the county is required to move the transmission line poles in order to widen County Road Nos. 286 and 311.

Accordingly, for the foregoing reasons, we grant relator's application for a writ of prohibition, vacate the temporary restraining order entered in case No. 95–CV–0055, and order respondent to cease and desist from the exercise of any further jurisdiction over the construction of the transmission line.

*Writ granted.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., not participating.