[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 447.]

THE STATE EX REL. CLEVELAND ELECTRIC ILLUMINATING COMPANY, *v*.
CUYAHOGA COUNTY COURT OF COMMON PLEAS.

[Cite as *State ex rel. Cleveland Elec. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas*, 2000-Ohio-379.]

*Prohibition—Writ sought to prohibit Cuyahoga County common pleas court judge from asserting further jurisdiction with respect to an amended complaint against relator concerning relator's electric rates and charges in common pleas court case No. 367179—Writ granted, when.*

(No. 99-1979—Submitted February 22, 2000—Decided May 17, 2000.)

IN PROHIBITION.

———————————

{¶ 1} On August 8, 1997, Mark R. Weiss, d.b.a. several commercial real estate companies ("Weiss"), filed with the Public Utilities Commission of Ohio ("commission") a complaint against the Cleveland Electric Illuminating Company ("CEI"), in which he asserted that the rates CEI charged to Weiss outside the geographic boundaries applicable to its "competitive pilot program" were discriminatory and prejudicial, in violation of R.C. 4905.31, 4905.33, and 4905.35. On November 6, 1997, the commission dismissed Weiss's complaint. However, pursuant to a timely application for rehearing, the commission issued an Entry on Rehearing, dated December 23, 1997, granting a limited rehearing. From time to time during 1998, hearings were scheduled and briefs were submitted by the parties. On January 14, 1999, the commission issued its Opinion and Order, dismissing the complaint for failure of proof by Weiss that CEI's rates were discriminatory and prejudicial in violation of statute.

{¶ 2} While the commission complaint case was pending, Weiss filed a complaint against CEI in the Common Pleas Court of Cuyahoga County, Ohio, case

No. 367179. The case was assigned to Judge Peggy Foley Jones. Weiss sought to bring his common pleas court case as a class action, asserting that CEI violated the antitrust provisions of Ohio's Valentine Act (R.C. 1331.01 *et seq*.) and that CEI acted as a monopoly to Weiss's detriment. Weiss's complaint set forth three causes of action. On December 1, 1998, CEI moved for dismissal of Weiss's complaint. Before the common pleas court ruled on the motion, Weiss filed a first amended complaint ("amended complaint"). CEI filed a motion to dismiss the amended complaint, primarily on the ground that the commission has exclusive jurisdiction over a public utility's rates and charges and that the common pleas court, therefore, does not have subject matter jurisdiction over Weiss's complaint.

{¶ 3} On June 11, 1999, Judge Jones issued her opinion dismissing "Count Two." Judge Jones ruled that the first and third causes of action contained in Weiss's complaint remained properly before her court.

{¶ 4} On March 8, 1999, Weiss filed with this court his notice of appeal of the commission's Opinion and Order in his complaint case. Weiss's appeal was assigned case No. 99-444, and it is currently pending before this court.

{¶ 5} On November 4, 1999, CEI, as relator, filed with this court its original action in prohibition, naming Judge Jones, as respondent, seeking a writ of prohibition against the further assertion of jurisdiction by the common pleas court over Weiss's amended complaint. The prohibition action was assigned case No. 99-1979 and is the subject of this opinion.

{¶ 6} Weiss filed a motion for leave to intervene as a party appearing in support of respondent Judge Jones. We hereby grant Weiss's motion, effective retroactively to the date of his motion.

{¶ 7} On December 20, 1999, Judge Jones and Weiss filed motions to dismiss CEI's complaint for failure to state a claim upon which relief in the form of prohibition could be granted.

2

**{¶ 8}** The cause is before the court upon Judge Jones's and Weiss's motions to dismiss CEI's complaint in prohibition.

_____

*Jones, Day, Reavis & Pogue, David A. Kutik* and *Mark A. Whitt;* and *James W. Burk*, for relator Cleveland Electric Illuminating Company.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Carol Shockley*, Assistant Prosecuting Attorney, for respondent Judge Peggy Foley Jones.

*Timothy A. Shimko & Associates*, and *Frank E. Piscitelli, Jr.; Spangenberg, Shibley & Liber, Dennis R. Lansdowne* and *Mary A. Cavanaugh*, for intervenor Mark R. Weiss.

_____

**Per Curiam.**

**{¶ 9}** S.Ct.Prac.R. X(5) provides that "[a]fter the time for filing an answer to the complaint or a motion to dismiss, the Supreme Court will either dismiss the case or issue an alternative or a peremptory writ, if a writ has not already been issued."

**{¶ 10}** "To obtain a writ of prohibition, a relator must show  (1) that the court against whom the writ is sought is exercising or about to exercise judicial power, (2) that the exercise of power is unauthorized by law, and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law.  * * *  However, where there is a patent and unambiguous lack of subject matter jurisdiction in the court exercising judicial authority, it is not necessary to establish that the relator has no adequate remedy at law in order for a writ to issue.* * *" (Citations omitted.)  *State ex rel. Ohio Edison Co. v. Parrott* (1995), 73 Ohio St.3d 705, 707, 654 N.E.2d 106, 108.

**{¶ 11}** CEI has met the first requirement for grant of a writ of prohibition: it has shown that Judge Jones has exercised and continues to exercise jurisdiction over the amended complaint in the underlying legal proceeding before the common

pleas court. We now turn to consideration of the second and third requirements for issuance of a writ of prohibition as enumerated in *Parrott*.

{¶ 12} Judge Jones claims that her exercise of jurisdiction over the amended complaint is grounded in R.C. 2305.01, which confers general subject matter jurisdiction to common pleas courts in civil actions. She argues that "[a]bsent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by way of appeal." *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1995), 74 Ohio St.3d 19, 22, 655 N.E.2d 1303, 1306. Based on that proposition of law, Judge Jones determined that the common pleas court has jurisdiction over two of the three counts of the amended complaint. However, Judge Jones ignores the introductory qualifying language of her proffered proposition of law relating to the absence of patent and unambiguous lack of jurisdiction over the amended complaint.

{¶ 13} The commission has exclusive jurisdiction over various matters involving public utilities, such as rates and charges, classifications, and service, effectively denying to all Ohio courts (except this court) any jurisdiction over such matters. R.C. 4905.26 specifically establishes the commission's exclusive jurisdiction over such matters, which "in any respect" are alleged to be "unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law * * *." In addition, "[n]o court other than the supreme court shall have power to review, suspend, or delay any order made by the public utilities commission * * *." R.C. 4903.12.

{¶ 14} We have held that when the General Assembly has enacted a comprehensive scheme of public utility rate regulation and has specifically conferred regulatory jurisdiction upon the commission, such jurisdiction is exclusive. As we said in *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 150-153, 573 N.E.2d 655, 658-660:

4

"The General Assembly has by statute pronounced the public policy of the state that the broad and complete control of public utilities shall be within the administrative agency, the Public Utilities Commission. This court has recognized this legislative mandate.

" 'There is perhaps no field of business subject to greater statutory and governmental control than that of the public utility. This is particularly true of the rates of a public utility. Such rates are set and regulated by a general statutory plan in which the Public Utilities Commission is vested with the authority to determine rates in the first instance, and in which the authority to review such rates is vested exclusively in the Supreme Court by Section 4903.12, Revised Code * * *.' *Keco Industries, Inc. v. Cincinnati & Suburban Bell Tel. Co.* (1957), 166 Ohio St. 254, 256, 2 O.O.2d 85, 86, 141 N.E.2d 465, 467; see, also, *Inland Steel Dev. Corp. v. Pub. Util. Comm.* (1977), 49 Ohio St.2d 284, 288-289, 3 O.O.3d 435, 437-438, 361 N.E.2d 240, 243-244; *Akron v. Pub. Util. Comm.* (1948), 149 Ohio St. 347, 359, 37 O.O. 39, 44, 78 N.E.2d 890, 897.

" * * *

" ' * * * The General Assembly has enacted an entire chapter of the Revised Code dealing with public utilities, requiring, *inter alia*, adequate service, and providing for permissible rates and review procedure. *E.g.*, R.C. 4905.04, 4905.06, 4905.22, 4905.231 and 4905.381. Further, R.C. 4905.26 provides a detailed procedure for filing service complaints. *This comprehensive scheme expresses the intention of the General Assembly that such powers were to be vested solely in the Commission.* As this court said in *State ex rel. Ohio Bell Telephone Co., v. Court of Common Pleas* (1934), 128 Ohio St. 553 at 557 [1 O.O. 99 at 100-101, 192 N.E. 787 at 788-789]:

" ' "The jurisdiction specifically conferred by statute upon the Public Utilities Commission over public utilities of the state, including the regulation of rates and the enforcement of repayment of money collected * * * during the

pendency of the proceeding * * * is so complete, comprehensive and adequate as to warrant the conclusion that it is likewise exclusive."  See, also, *Ohio Transport, Inc. v. Pub. Util. Comm*. (1955), 164 Ohio St. 98, 107 [57 O.O. 108, 113, 128 N.E.2d 22, 28].' (Emphasis added.)

" * * *

"In regard to administrative agency exclusivity, generally, this court has recognized that where the General Assembly has enacted a complete and comprehensive statutory scheme governing review by an administrative agency, exclusive jurisdiction is vested within such agency.  *State ex rel. Geauga Cty. Budget Comm. v. Geauga Cty. Court of Appeals* (1982), 1 Ohio St.3d 110, 113, 1 OBR 143, 146, 438 N.E.2d 428, 431; see, also, *State ex rel. Northern Ohio Tel. Co. v. Winter, supra*, 23 Ohio St.2d [6] at 9-10, 52 O.O.2d [29] at 31, 260 N.E.2d [827] at 829-830.  *State, ex rel. Ohio Bell Tel. Co., v. Cuyahoga Cty. Court of Common Pleas* (1934), 128 Ohio St. 553, 1 O.O. 99, 192 N.E. 787."

{¶ 15} As we observed in *Parrott*, 73 Ohio St.3d at 708, 654 N.E.2d at 109:

"Admittedly, however, our jurisdiction over matters involving utilities is not entirely exclusive.  Other courts retain limited subject matter jurisdiction over tort and some contract claims involving utilities regulated by the commission.  See, *e.g., Kazmaier Supermarket, Inc. v. Toledo Edison Co., supra*, 61 Ohio St.3d at 154, 573 N.E.2d at 660 (pure common-law tort claims may be brought in common pleas court); *Kohli v. Pub. Util. Comm*. (1985), 18 Ohio St.3d 12, 18 OBR 10, 479 N.E.2d 840 (failure to warn landowners of dangers regarding voltage actionable in common pleas court); *Milligan v. Ohio Bell Tel. Co*. (1978), 56 Ohio St.2d 191, 10 O.O.3d 352, 383 N.E.2d 575, paragraph three of the syllabus (invasion of privacy actionable in common pleas court); *Marketing Research Serv., Inc. v. Pub. Util. Comm*. (1987), 34 Ohio St.3d 52, 517 N.E.2d 540 (commission has no jurisdiction to resolve breach of contract dispute concerning provision of interstate telecommunications service).  But, see, *Gallo Displays, Inc. v. Cleveland Pub.*

*Power* (1992), 84 Ohio App.3d 688, 618 N.E.2d 190 (common-law nuisance claim against utility not actionable in common pleas court)."

{¶ 16} Weiss's amended complaint disregards the commission's exclusive jurisdiction to determine the matters complained of by asking the common pleas court to rule on those matters. Weiss argues that the common pleas court has jurisdiction over the amended complaint not only under R.C. 2305.01, but also by virtue of the jurisdictional provisions of Ohio's Valentine Act.

{¶ 17} Weiss characterizes the amended complaint's allegations as based in antitrust violations under the Valentine Act. However, the express basis of his amended complaint is that CEI's rates under its commission-approved "competitive pilot program" unfairly and illegally discriminate against customers such as Weiss.

{¶ 18} The comprehensive public utility regulatory scheme set forth in R.C. 4905.22, 4905.26, 4905.31, 4905.33, and 4905.35 expressly governs the matters set forth in the amended complaint. It follows that the claims in the amended complaint are claims which may be properly raised by way of a complaint before the commission.[1] *Kazmaier*, 61 Ohio St.3d at 153, 573 N.E.2d at 660. There is no indication that issues of discrimination under R.C. 4905.33 and 4905.35 are different from issues of discrimination under the Valentine Act, and Weiss has failed to cite any legal authority to support the proposition that there is a difference. We find that there is none and conclude that the commission has exclusive jurisdiction over the matters of discrimination asserted by Weiss in his amended complaint before the common pleas court.

{¶ 19} We find that the commission and this court have exclusive jurisdiction over the matters addressed in Weiss's amended complaint and that respondent's lack of jurisdiction over those matters is patent and unambiguous. Therefore, relator need not establish that it has no adequate remedy at law in order

---

1. Weiss, in fact, challenged CEI's "competitive pilot program" in his R.C. 4905.26 complaint proceeding before the commission, which is on appeal before this court in our case No. 99-444.

to obtain a writ of prohibition in this case. Thus, the second and third requirements for issuance of a writ of prohibition, as enumerated in *Parrott*, have been met or avoided. See 73 Ohio St.3d at 709, 654 N.E.2d at 109.

{¶ 20} Moreover, we find that it is beyond doubt that CEI is entitled to issuance of a writ of prohibition, and where "it appears beyond doubt that relator is entitled to the requested extraordinary relief, a peremptory writ should issue." *State ex rel. DeBrosse v. Cool* (1999), 87 Ohio St.3d 1, 3, 716 N.E.2d 1114, 1116, and *State ex rel. Stern v. Mascio* (1998), 81 Ohio St.3d 297, 298, 691 N.E.2d 253, 254.

{¶ 21} We hereby grant a peremptory writ of prohibition against the respondent, prohibiting the respondent from asserting further jurisdiction with respect to Weiss's amended complaint in common pleas court case No. 367179. Further, by reason of the issuance of such writ, we hereby deny Judge Jones's and Weiss's motions to dismiss CEI's complaint in prohibition in this case.

*Writ granted and*

*dismissal motions denied.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., dissents and would dismiss the cause.

COOK, J., not participating.

_____