DECISION AND JUDGMENT ENTRY
This is an original action filed by Jeffery C. Barefoot against Judge Robert C. Pollex asking this court to issue a Writ of Prohibition to Judge Pollex barring him from "proceeding any further in the [divorce] case [between Jeffery Barefoot and his wife] as to a business revaluation." Judge Pollex filed an answer and a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). Barefoot has not filed a response to the motion to dismiss.
The basis of this original action lies in a divorce case, pending before Judge Pollex, between Barefoot and his wife. In November 2001, Pollex issued a decision in the divorce case which resolved all issues between the parties except for the valuation to be placed on Barefoot's business. As to that issue, Pollex stated,
 "The court finds that neither [the husband's expert's nor the wife's expert's] appraisal [of the business] is credible * * *. [T]he court finds that a new appraisal should be obtained by this Court ordering a new appraisal and assessing the costs to the parties. * * * [T]he Court takes under advisement the issue of the value of the business until such a report can be obtained and a hearing conducted on the new valuation of the business."
Barefoot filed a notice of appeal which this court dismissed, finding that, with the issue of valuation of the business still unresolved, the order was not final and appealable. Following the dismissal, Barefoot filed this original action as well as a motion for reconsideration of the dismissal order. On January 28, 2002, we denied the motion for reconsideration and stood by our determination that the divorce order was not final and appealable until a value was placed on the business and the division of marital property was finalized.
In Barefoot's Prohibition Complaint, he states that Judge Pollex has 1) appointed a certified public accountant to review the appraisals of the business that were presented at trial and, 2) assessed the CPA's fees as court costs to be divided equally between the parties. Barefoot contends that in making these orders, Pollex is exercising or is about to exercise judicial powers unauthorized by law and that Barefoot has no other adequate remedy to address this unauthorized exercise of power. Specifically, Barefoot contends that the original November 2001 divorce judgment entry is a final judgment and Pollex is, therefore, prohibited from exercising jurisdiction over the property division in the divorce case.
In Pollex's motion to dismiss for failure to state a claim upon which relief can be granted, he correctly states that:
 "To obtain a writ of prohibition, a relator must show (1) that the court against whom the writ is sought is exercising or about to exercise judicial power, (2) that the exercise of power is unauthorized by law, and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law." State ex rel. Cleveland Elec. Illuminating Co. v. Cuyahoga Cty. Court of Common Pleas (2000), 88 Ohio St.3d 447.
Barefoot's contention is that since the November 2001 divorce judgment entry is a final order of divorce, Pollex now has no jurisdiction over the case. However, we have found that the November 2001 judgment is not
final and, therefore, Pollex does have authority to proceed in the divorce case until a final judgment is entered.
Pollex's motion to dismiss for failure to state a claim upon which relief can be granted is found well-taken and it is granted. Barefoot's Complaint in Prohibition is ordered dismissed at his expense. The temporary restraining order issued by this court on January 28, 2002 is ordered dissolved.
Peter M. Handwork, J., Melvin L. Resnick, J., and Mark L.Pietrykowski, P.J. concur.