JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Kaitlyn Inc. ("plaintiff") appeals from the order of the Cuyahoga County Common Pleas Court that dismissed the action for lack of subject matter jurisdiction. For the following reasons, we affirm.
 {¶ 2} The amended class action complaint sought compensation from defendant-appellee First Energy Corporation ("First Energy") for alleged financial and other costs suffered by all persons and entities in the United States who lost electrical power during the blackout that began on August 14, 2003 (the "blackout"). First Energy moved to dismiss the complaint for, inter alia, lack of subject matter jurisdiction. First Energy maintained that plaintiff's claims fall within the exclusive jurisdiction of the Public Utilities Commission of Ohio ("PUCO"). The trial court granted the motion on that basis and dismissed the action without prejudice.
 {¶ 3} We will address plaintiff's Assignments of Error I and II together as they both challenge the court's decision to dismiss the action for lack of subject matter jurisdiction.
 {¶ 4} "I. The trial court erred when it granted First Energy's motion to dismiss on the erroneous ground that claims asserted by non-customers against a public utility company are subject to the exclusive jurisdiction of PUCO.
 {¶ 5} "II. The trial court erred when it granted First Energy's motion to dismiss on the erroneous ground that claims asserted against a public utility company based on gross negligence and/or reckless conduct are subject to the exclusive jurisdiction of PUCO."
 {¶ 6} "The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bush v.Spurlock (1989), 42 Ohio St.3d 77, 80. The trial court found plaintiff's cause of action could not be maintained in the Common Pleas Court because it was subject to the exclusive jurisdiction of the PUCO.
 {¶ 7} The PUCO has "`exclusive jurisdiction over various matters involving public utilities, such as rates and charges, classifications, and service, effectively denying to all Ohio courts (except [the Ohio Supreme Court]) any jurisdiction over such matters.'" State ex rel. Columbia Gas of Ohio, Inc. v.Henson, 102 Ohio St.3d 349, 351-352, 2004-Ohio-3208, ¶ 16, quoting State ex rel. Cleveland Elec. Illum. Co. v. CuyahogaCty. Court of Common Pleas (2000), 88 Ohio St.3d 447, 450. The PUCO has exclusive jurisdiction to determine whether service rendered by a public utility is "in any respect unjust, unreasonable, * * * or in violation of law." Id., quoting R.C.4905.22.
 {¶ 8} Courts have limited subject matter jurisdiction over pure common-law tort and contract actions involving public utilities. Id. We must, however, view the substance of the claims rather than the allegations of the complaint to ascertain whether an action qualifies as a pure common-law tort sufficient to vest the trial court with jurisdiction. Id. at ¶ 19 ("the mere fact that [plaintiff] cast its allegations in the underlying case to sound in tort is insufficient to confer jurisdiction upon the common pleas court.")
 {¶ 9} In Henson, the plaintiff commenced an action for negligence and tortious interference relating to termination of gas services by a public utility. Among other things, the plaintiff maintained that the gas company's conduct was "grossly negligent and [constituted] intentional tortious misconduct." Id. at ¶ 3. The trial court in Henson believed it had jurisdiction reasoning that the complaint sounded in tort and was "not about service or rates" and further noted that the PUCO had no power "to determine legal rights and liabilities or to determine and award damages." Id. at ¶ 5. The Court disagreed and concluded that the Common Pleas Court patently and unambiguously lacked subject matter jurisdiction over the claims alleged by Henson. The Ohio Supreme Court reasoned that the claims in substance related to service and whether the gas utility company had complied with applicable public-utilities law. Thus, a writ was issued to prohibit the Common Pleas Court from exercising jurisdiction over the matter.
 {¶ 10} Plaintiff urges reversal in part on the theory that its claims of gross negligence and/or reckless conduct against First Energy are not related to service. Plaintiff's claim arises from the loss of service during the blackout and the alleged damages that resulted from it. The substance of plaintiff's complaint is that First Energy violated duties imposed by public utilities law and/or First Energy's provision of electrical service was unreasonable. These matters are within the exclusive jurisdiction of the PUCO. Ibid.
 {¶ 11} A service-related complaint must be initially brought before the PUCO. Id., citing Dworkin v. E. Ohio Gas Co. (Mar. 22, 1990), Cuyahoga App. No. 57314. The trial court found that plaintiff's claims here are service related and adopted the reasoning of the Summit County Common Pleas Court in S.G. Foods,Inc. v. First Energy Corporation, No. CV-03-08-4909 (Summit Cty. Ct.C.P. Dec. 30, 2003).
 {¶ 12} S.G. Foods, Inc. involved essentially identical claims against First Energy that the plaintiffs sought to maintain in this action. The Summit County Common Pleas Court also dismissed the claims for lack of subject matter jurisdiction. The parties then filed a complaint with the PUCO, which is in substance identical to the complaint before us. That matter is currently pending before the PUCO.
 {¶ 13} Plaintiff attempts to distinguish this case from S.G.Foods on appeal by asserting that some members of its potential class are not "customers" and therefore are not subject to the exclusive jurisdiction of the PUCO. This issue was not raised with the court below and we do not have any substantive evidence to definitively establish whether plaintiff is a "customer" of First Energy. Nonetheless, plaintiff also concedes that some potential class members are "customers" of First Energy. In any case, we are not entirely persuaded that this distinction would matter since the claims of all members are related to the quality of service rendered by a public utility.
 {¶ 14} R.C. 4905.26 relates to complaints in writing against public utilities "by any person." Thus, it appears that the exclusive jurisdiction in the PUCO arises from the type of complaint rather than the status of the person bringing it. SeeHenson, supra at ¶ 24 (distinction between residential and commercial gas customers does not effect the exclusive jurisdiction of the PUCO over service-related complaints).
 {¶ 15} For these reasons, we find that the trial court did not err by dismissing this action without prejudice.
 {¶ 16} Assignments of Error I and II are overruled.
 {¶ 17} "III. The trial court erred when it granted First Energy's motion to dismiss with prejudice,[1] without granting plaintiff leave to amend to state claims which could be brought in the court of common pleas, and against additional responsible parties."
 {¶ 18} Assignment of Error III need not be addressed as it is moot. See App.R. 12(A)(1)(c).
 {¶ 19} We affirm the decision of the trial court to dismiss the action without prejudice because we agree that plaintiff must first initially attempt to bring its service-related complaint before the PUCO.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Celebrezze, Jr., J., concur.
[1] We can find nothing in the record to indicate that the court dismissed the action with prejudice. Instead, both the journal entry and the docket reflect that "this matter [was] dismissed without prejudice." (Emphasis added).