[Cite as *Eagle's View Professional Park Condominium Unit Owners Assn., Inc. v. EVPP, L.L.C.*, 2014-Ohio-565.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| EAGLE'S VIEW PROFESSIONAL PARK CONDOMINIUM UNIT OWNERS ASSOCIATION, INC., | : | CASE NO. CA2013-07-132 |
| | : | O P I N I O N |
| Plaintiff-Appellee, | : | 2/18/2014 |
| | : | |
| - vs - | : | |
| | : | |
| EVPP, LLC, et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2011-10-3837

Cuni, Ferguson & LeVay Co., L.P.A., Lisa M. Conn, 10655 Springfield Pike, Cincinnati, Ohio 45215, for plaintiff-appellee

Rex A. Wolfgang, 246 High Street, Hamilton, Ohio 45011, for defendants-appellants, EVPP and Robert R. Rockenfield

Paul T. Saba, 2623 Erie Avenue, Cincinnati, Ohio 45208, for defendant, Stock Yards Bank & Trust Co.

Graydon Head & Ritchey LLP, J. Michael Debbeler, Cara R. Hurak, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202, for intervenors, Michael Yoakum, Mark Schroder, Thomas Sullivan, Michael White, Chris Eubank and Chris Boerger

**RINGLAND, J.**

{¶ 1} Defendants-appellants, EVPP, LLC (EVPP) and Robert R. Rokenfield, appeal a

decision of the Butler County Court of Common Pleas in favor of plaintiff-appellee, Eagle's View Professional Park Condominium Unit Owner's Association, Inc. (Association), and intervenors-appellees, Michael Yoakum, Mark Schroder, Thomas Sullivan, Michael White, Chris Eubank, and Chris Boerger (collectively, the purchasers), which ordered appellants to comply with an extra-judicial "Right to Sell Agreement" (Agreement) and close on the sale of certain properties. For the reasons outlined below, we dismiss this appeal for lack of a final appealable order.[1]

{¶ 2} This case began as a foreclosure action. The Association maintains and operates Eagle's View Professional Park, a multi-building, multi-unit professional condominium development.[2] EVPP, a member of the Association, owns 16 units in the Eagle's View Professional Park (hereinafter referred to as the properties). On October 31, 2011, the Association filed a foreclosure complaint against EVPP to foreclose on liens for unpaid condominium assessments. The complaint also named Stock Yards Bank and Trust Company (Stock Yards) as a defendant as it held a mortgage on the subject properties. Stock Yards answered the Association's complaint and filed its own cross-claim in foreclosure and a third-party complaint against Robert Rockenfield.[3] Rockenfield is the "Member/Manager" of EVPP, and he personally guaranteed EVPP's loans to Stock Yards. As to EVPP, Stock Yards requested judgment on the note and that the properties be foreclosed. With regards to Rockenfield, EVPP requested judgment against Rockenfield in the full amount of the debt.

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

2. Eagle's View Professional Park Condominium Unit Owner's Association is now known as Fairfield Professional Park Condominium Unit Owner's Association, Inc.

3. In its pleading, Stock Yards designated its claim against Rockenfield as a counterclaim, however, we note that Stock Yards' claim against Rockenfield is more properly designated as a third-party complaint.

{¶ 3} Ultimately, on October 26, 2012, a decree in foreclosure was filed by way of an agreement. The Association and EVPP entered into an "Agreed Final Appealable Judgment/Order" which granted judgment in favor of the Association for unpaid assessments and attorney fees and ordered foreclosure of the properties and a subsequent sale. The Entry also determined the priority of the liens on the property.

{¶ 4} Thereafter, EVPP, the Association, and Stock Yards entered into a "Right to Sell Agreement" which provided that the properties would be sold at a public auction by a private auctioneer, rather than at a sheriff's sale. The following terms for the sale were also agreed upon by the parties: a $500 budget to advertise for the auction; the properties would be sold without a minimum bid; and the properties would be sold without a reserve. In addition, the Association agreed to release its liens on the properties in exchange for $5,000 to be paid at the closing of the sales. Stock Yards also agreed to release its mortgage upon "receipt of total gross sale proceeds less tax proration and the $5,000 payment to the Association."

{¶ 5} The auction was conducted on December 8, 2012. The properties were purchased at this auction by intervening appellees-purchasers. Purchase contracts were subsequently entered into for each of the properties. In an effort to avoid the sales, EVPP filed a Chapter 11 bankruptcy petition. On June 4, 2013, the United States Bankruptcy Court Southern District of Ohio Western Division dismissed the bankruptcy petition as having been filed in bad faith.

{¶ 6} Thereafter, on June 26, 2013, the Association filed a motion to compel, which is the subject of the present appeal. In its motion to compel, the Association asserted that EVPP refused to close on the sale of the properties pursuant to the purchase contracts that were entered into as a result of the agreed upon December 8, 2012 auction. The Association requested the court to order "EVPP, LLC's performance and to enforce the subject Right to

Sell Agreement by compelling [EVPP] to close on the sale of the properties" to the purchasers. On June 27, 2013, the purchasers of the units filed a motion to intervene, as well as a memorandum in support of the motion to compel. The court granted purchasers' motion to intervene and accepted their memorandum in support of the motion to compel.[4]

{¶ 7} EVPP failed to timely respond to the motion to compel, and on July 26, 2013, the court granted the Association's motion and ordered the following:

> [1.] On or before July 31, 2013, Defendant EVPP, LLC shall take any and all action, including executing documents reasonably required to close the sale of the properties purchased at the December 8, 2012 private auction that is the subject of this Motion to Compel by * * * (the "Purchasers");
>
> [2.] If EVPP, LLC fails to close the sale of the properties * * * then EVPP, LLC and the sole member of EVPP, LLC, Robert Rockenfield, shall be automatically held in contempt of this Court upon notice to this Court that the sale of any of the subject properties has not closed for no fault of the Purchasers. The Court may issue such further orders on contempt as are required.

{¶ 8} EVPP and Rockenfield now appeal the decision by the trial court ordering them to close on the sale of the properties to purchasers. EVPP and Rockenfield assert one assignment of error for our review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} DOES A TRIAL COURT HAVE SUBJECT MATTER JURISDICTION TO ORDER COMPLIANCE WITH EXTRA-JUDICIAL SALES AND LISTING CONTRACTS THAT WERE ENTERED INTO AFTER A FINAL APPEALABLE ORDER?

{¶ 11} In their sole assignment of error, appellants assert the trial court lacked subject matter jurisdiction to order them to comply with the "Right to Sell Agreement" and finalize the sales to the purchasers. Appellants maintain the trial court's jurisdiction terminated months

---

4. EVPP and Rockenfield failed to timely respond to the purchasers' motion to intervene.

earlier, when the "Agreed Final Appealable Judgment/Order" was filed. In addition, appellants argue the trial court lacked jurisdiction to enforce the agreement because the agreement was not entered into the record or adopted as a court order.

{¶ 12} Before we address the merits of the instant appeal, we must first determine whether this court has jurisdiction to rule on this appeal. Both the Association and the purchasers urge this court to dismiss the appeal for a lack of a final, appealable order. After a review of the record and without making any determination as to the merits of appellants' sole assignment of error, we find that the order from which appellants appeal is not a final appealable order.

{¶ 13} Appellate courts have jurisdiction over judgments or final orders of inferior courts within their district. Section 3(B)(2), Article IV, Ohio Constitution, and R.C. 2505.03(A). If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss the appeal. *Carpenter v. Carpenter*, 12th Dist. Butler No. CA2013-05-083, 2013-Ohio-4980, ¶ 8.

{¶ 14} To be a final and appealable order, a judgment entry must meet the requirements of R.C. 2505.02, and if applicable, Civ.R. 54(B). *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86 (1989), syllabus. Civ.R. 54(B) applies to actions involving multiple claims and multiple parties. If the court enters judgment as to some, but not all, of the claims and/or parties, the judgment is not a final appealable order, unless it satisfies Civ.R. 54(B) by including the language that "there is no just reason for delay." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 22 (1989); *Stealth Investigations, Inc. v. Mid-Western Auto Sales, Inc.*, 12th Dist. Butler No. CA2009-08-216, 2010-Ohio-327, ¶ 9, citing *Internatl. Bhd. of Electric Workers, Local Union No. 8 v. Vaughn Indus., LLC*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 7.

{¶ 15} Civ. R. 54(B) provides:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

"In absence of express Civ.R. 54(B) language, an appellate court may not review an order disposing of fewer than all claims." *Stealth Invest., Inc.* at ¶ 11, quoting *Internatl. Bhd.* at ¶ 8.

{¶ 16} In the instant case, the July 26, 2013 order which appellants now appeal is not a final appealable order as it fails to fully dispose of all the claims and parties below and it does not include Civ.R. 54(B) language. *See Stealth Invest., Inc.* at ¶ 11. As set forth above, Stock Yards filed a cross-claim against EVPP based on its default on the note, as well as a claim against Rockenfield, individually, based on his personal guarantee for the loans to EVPP. There is no indication in the record that Stock Yards has dismissed any of its claims against EVPP or Rockenfield, or that the claims have been otherwise resolved by the parties. The trial court's order does not reference any of these claims by Stock Yards. It simply grants the Association's motion to compel EVPP to complete the sale of the properties to the purchasers. As such, the trial court failed to enter judgment as to all the parties and all the claims so as to dispose of the entire action. Furthermore, the July 26, 2013 order contains no Civ.R. 54(B) language. Accordingly, as the order fails to dispose of all claims and all parties and does not include a Civ.R. 54(B) certification, the order is not final and appealable.

{¶ 17} Appellants' appeal is therefore dismissed due to lack of a final appealable order.

{¶ 18} Appeal dismissed.

HENDRICKSON, P.J., and M. POWELL, J., concur.