[Cite as *Duke Energy Ohio, Inc. v. Hamilton*, 2018-Ohio-2821.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| DUKE ENERGY OHIO, INC., | : | |
| Appellant, | : | CASE NO. CA2018-01-001 |
| | : | O P I N I O N |
| - vs - | | 7/16/2018 |
| | : | |
| CITY OF HAMILTON, et al., | : | |
| Appellees. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 17 01 0163

Jack F. Grove, 1251 Nilles Road, Suite 10, Fairfield, Ohio 45014 and James E. McLean, 139 East Fourth Street, M/C 1212-M, Cincinnati, Ohio 45202, for appellant

Heather Sanderson Lewis, Steven A. Tooman, Samantha R. Wicktora, 232 High Street, Hamilton, Ohio 45011 and John P. Coyle, 1730 Rhode Island Avenue NW, Washington D.C. 20036, Admitted Hac Vice, for appellee, city of Hamilton

Lawrence E. Barbiere, Jay D. Patton, 5300 Socialville-Foster Road, Suite 200, Mason, Ohio 45040, for defendants, Board of Township Trustees of Fairfield Township and Fairfield Township

**HENDRICKSON, J.**

{¶ 1} Plaintiff-appellant, Duke Energy Ohio, Inc. (hereafter, "Duke Energy"), appeals from a decision of the Butler County Court of Common Pleas granting the motion of defendant-appellee, the city of Hamilton, for partial dismissal of Duke Energy's claims for lack

of subject matter jurisdiction.[1]

**Facts & Procedural History**

{¶ 2}  Duke Energy is a public-utility corporation that supplies natural gas and electric services throughout southwestern Ohio.  It is regulated by the Public Utilities Commission of Ohio ("PUCO").  Hamilton is an Ohio municipal corporation located in Butler County, Ohio.  Hamilton operates a municipal utility that provides natural gas and electric services both inside and outside of its territorial limits.

{¶ 3}  In 1996, Hamilton and Fairfield Township, a township located in Butler County, entered into a Joint Economic Development District ("JEDD") agreement, designated the "Hamilton-Indian Springs Joint Economic Development District Contract," which had a stated purpose of facilitating commercial and economic development.  Under the terms of the JEDD, Hamilton agreed to supply limited utility service for sewerage within the JEDD designated area.  In November 2016, Hamilton issued a letter of intent summarizing terms of an amendment to the JEDD agreement to expand the JEDD to add 209 acres of land located entirely within Fairfield Township.  Pursuant to the terms of the amendment, Hamilton would provide electric and natural gas services to the added area.

{¶ 4}  In January 2017, Duke Energy filed suit against Hamilton, Fairfield Township, and the Board of Township Trustees of Fairfield Township ("the Board").  In its amended complaint, Duke Energy sought declaratory judgment that Hamilton could not provide natural gas or electric service to entities in the 209-acre area and sought a permanent injunction preventing Hamilton from providing natural gas and electric service in said area.  Duke Energy's complaint set forth two distinct claims.  First it argued that it has an exclusive right to provide electric service and natural gas service within the 209-acre area pursuant to its

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for the purposes of issuing this opinion.

PUCO-approved tariffs and the Certified Territories Act, as set forth in R.C. 4933.81 through 4933.90 (the "exclusive-right claim"). Second, Duke Energy asserted that Hamilton exceeded the authorization for extraterritorial sales established by Article XVIII, Section 6 of the Ohio Constitution by "circumvent[ing] legal limitations upon its home rule authority, and * * * supply[ing] unlimited natural gas and electric service outside of Hamilton's municipal territory" (the "constitutional claim"). Fairfield Township and the Board filed a joint answer denying the allegations set forth in Duke Energy's complaint. Hamilton also filed an answer denying the allegations, and it further filed a counterclaim against Duke Energy asserting a claim of unfair competition.

{¶ 5} After discovery was initiated, Hamilton moved for a partial dismissal of Duke Energy's complaint pursuant to Civ.R. 12(H)(3), contending that the common pleas court lacked subject matter jurisdiction over the exclusive-right claim.[2] Hamilton argued that this claim was subject to the exclusive jurisdiction of the PUCO. Duke Energy opposed the motion, and the trial court heard argument on the parties' respective positions on November 30, 2017. Thereafter, the trial court granted Hamilton's partial motion to dismiss, concluding that Duke Energy's "claim for service exclusivity is based upon the Ohio Certified Territories Act and tariffs filed with the PUCO. The General Assembly has vested the PUCO with the exclusive authority to administer these statutes and tariffs. Accordingly, this court lacks jurisdiction to consider these claims."

{¶ 6} Duke Energy moved to have the trial court certify its decision granting dismissal with "no just cause for delay language," arguing the decision should be immediately appealable. Hamilton and Fairfield Township opposed the motion, arguing the court's decision did not satisfy the requirements of a final, appealable order under either R.C.

---

2. Hamilton did not seek dismissal of Duke Energy's constitutional claim, and that claim remains pending in the trial court.

2505.02 or Civ.R. 54(B). The court granted Duke Energy's motion, finding that "judicial economy will be best served by granting Plaintiff's motion to certify no just cause under Civ.R. 54(B)." Thereafter, the court issued an "Order Dismissing Claims of Plaintiff Duke Energy Ohio, Inc. for Lack of Subject Matter Jurisdiction with *Nunc Pro Tunc* Certification of No Just Cause for Delay Under Civ.R. 54(B)."

{¶ 7} Duke Energy timely appealed, raising the following as its sole assignment of error:

{¶ 8} THE COMMON PLEAS COURT ERRED IN PARTIALLY DISMISSING THE CLAIMS OF DUKE ENERGY OHIO FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE THE PUCO LACKS AUTHORITY TO ADJUDICATE TERRITORIAL DISPUTES INVOLVING MUNICIPAL OVERREACH.

{¶ 9} In its sole assignment of error, Duke Energy argues the trial court erred in dismissing the exclusive-right claim for lack of subject matter jurisdiction. Duke Energy contends that the common pleas court, and not the PUCO, has jurisdiction to decide territorial disputes between a regulated public utility and a municipal utility.

{¶ 10} However, before we can consider the merit of Duke Energy's assigned error, we must first determine whether the trial court's dismissal of Duke Energy's exclusive-right claim constitutes a final appealable order subject to our review. This issue was raised by Hamilton, Fairfield Township, and the Board as a defensive assignment of error in accordance with R.C. 2505.22.[3] The defensive assignment of error states the following:

{¶ 11} THE TRIAL COURT ERRED IN CONCLUDING THAT ITS DISMISSAL OF

---

3. R.C. 2505.22 provides that "[i]n connection with an appeal of a final order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part." Although an appellee's defensive assignment of error is normally addressed only after a court finds merit to an assignment of error raised by an appellant, we find it more appropriate to begin with the defensive assignment of error in the present case, as Hamilton, Fairfield Township, and the Board have challenged this court's jurisdiction to consider the appeal.

DUKE'S TERRITORIAL EXCLUSIVITY CLAIMS WAS A "FINAL ORDER" UNDER R.C. 2505.02.

**Final Appealable Order**

{¶ 12} Section (3)(B)(2), Article IV of the Ohio Constitution provides that appellate courts have jurisdiction only to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Therefore, "an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, ¶ 5; *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶ 15.

{¶ 13} R.C. 2505.02(B) provides, in pertinent part, as follows:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgement.

R.C. 2505.02(B)(1)-(2). A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). A "special proceeding" is "an action or proceeding that is specifically created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2).

{¶ 14} The Ohio Supreme Court has recognized that "[a] declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein

which affects a substantial right is a final appealable order." *Gen. Acc. Ins. Co.*, 44 Ohio St.3d at 17, paragraph two of the syllabus. "A substantial right involves the idea of a legal right, one which is protected by law." *Id.* at 21. "An order affects a substantial right for the purposes of R.C. 2505.02(B)(2) only if an immediate appeal is necessary to protect the right effectively." *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, ¶ 7.

{¶ 15} Hamilton, Fairfield Township, and the Board contend the trial court's dismissal does not affect a substantial right, as dismissal for lack of subject matter jurisdiction over the exclusive-right claim "operate[s] as a failure otherwise than on the merits" under Civ.R. 41(B)(4)(a). "Ordinarily, a dismissal 'otherwise than on the merits' does not prevent a party from refiling and, therefore, ordinarily, such a dismissal is not a final, appealable order." *Natl. City Commercial Capital Corp. v. AAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, ¶ 8. However, there are circumstances where the dismissal for lack of subject matter jurisdiction qualifies as a final appealable order. *See, e.g., George v. State*, 10th Dist. Franklin Nos. 10AP-4 and 10AP-97, 2010-Ohio-5262, ¶ 15-17; *Burchett v. Burchett*, 4th Dist. Scioto No. 16CA3784, 2017-Ohio-2667, ¶ 20. As the Tenth District noted in *George*,

> While such a dismissal does not bar refiling in a different forum, presumably the correct one with jurisdiction over the matter, it certainly would make futile any attempt by the plaintiff to refile in the same forum the same claims even if the dismissal was labeled without prejudice. Thus, while such a dismissal is nominally without prejudice to refiling, it essentially precludes a refiling in the initial forum. "[A] dismissal without prejudice does not guarantee that a case can be refiled." *Brubaker v. Ross*, 10th Dist. Franklin No. 01AP-1431, 2002-Ohio-4396, ¶ 15. Nor, even if the case could be refiled, does a dismissal without prejudice permit subsequent appellate review of some aspects of the case. If the dismissal is not a final appealable order because it is without prejudice, but the case is refiled in the same forum, it could only, by operation of res judicata, be again dismissed on the same grounds, and there would never be the opportunity for subsequent appellate review of such rulings in a final order from that forum. There would be in such cases no mechanism to review the trial court's determination that it lacked jurisdiction over the matter in the first instance; the only remaining appeal would

- 6 -

be from a determination in a refiled matter in another forum, which appeal would likely not permit useful review of the initial court's determination that it lacked jurisdiction. Both judicial economy and fundamental fairness would seem to argue for immediate appellate review of such a dismissal.

*George* at ¶ 16.

{¶ 16} We agree with the rationale expressed by the court in *George* and conclude that in the present case, the trial court's judgment is a final appealable order pursuant to R.C. 2505.02(B)(2). The action in which Duke Energy sought declaratory relief is a special proceeding, and the trial court's judgment dismissing the exclusive-right claim for lack of subject matter jurisdiction affects a substantial right.

{¶ 17} In dismissing Duke Energy's exclusive-right claim, the trial court complied with Civ.R. 54(B). Civ.R. 54(B) applies to actions involving multiple claims and multiple parties. "If the court enters judgment as to some, but not all, of the claims and/or parties, the judgment is not a final appealable order, unless it satisfies Civ.R. 54(B) by including the language that 'there is no just reason for delay.'" *Eagle's View Professional Park Condominium Unit Owners Assn. v. EVPP, LLC*, 12th Dist. Butler No. CA2013-07-132, 2014-Ohio-565, ¶ 14, citing *Gen. Acc. Ins. Co.*, 44 Ohio St.3d at 22. "In the absence of express Civ.R. 54(B) language, an appellate court may not review an order disposing of fewer than all claims." *IBEW, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 8; *Stealth Investigations, Inc. v. Mid-Western Auto Sales, Inc.*, 12th Dist. Butler No. CA2009-08-216, 2010-Ohio-327, ¶ 12.

{¶ 18} Although the court's decision to grant Hamilton's motion to dismiss did not dispose of all claims – both Duke Energy's constitutional claim and Hamilton's counterclaim for unfair competition remain pending – the trial court certified there was "no just cause for delay" in accordance with Civ.R. 54(B). As a result, we find that the court's decision granting dismissal of Duke Energy's exclusive-right claim for lack of subject matter jurisdiction meets

the requirements of both R.C. 2505.02 and Civ.R. 54(B), and is therefore a final appealable order capable of appellate review. Hamilton's, Fairfield Township's, and the Board's defensive assignment of error is, therefore, overruled.

**Dismissal for Lack of Subject Matter Jurisdiction**

{¶ 19} We now turn to the argument set forth in Duke Energy's assignment of error – that the trial court erred in granting Hamilton's motion to dismiss the exclusive-right claim on the basis that it lacked subject matter jurisdiction.

{¶ 20} Subject matter jurisdiction refers to a court's power to hear and decide a case on the merits. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998). Civ.R. 12(H)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." After a party files a motion to dismiss for lack of subject matter jurisdiction, the trial court must determine whether the complaint contains allegations of a cause of action that the trial court has authority to decide. *Brethauer v. Fed. Express Corp.*, 143 Ohio App.3d 411, 413 (10th Dist.2001). "The trial court is not confined to the allegations of the complaint when determining its subject matter jurisdiction pursuant to a * * * motion to dismiss, and it may consider material pertinent to the inquiry without converting the motion into one for summary judgement." *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

{¶ 21} Subject matter jurisdiction is determined as a matter of law. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 34. As a result, an appellate court reviews a trial court's decision on a motion to dismiss a complaint for lack of subject matter jurisdiction under a de-novo standard of review. *Powers-Urtega v. Urtega*, 12th Dist. Warren No. CA2014-08-109, 2015-Ohio-2465, ¶ 15; *Heskett v. Ohio Dept. of Adm. Serv.*, 166 Ohio App.3d 311, 2006-Ohio-2074, ¶ 9 (10th Dist.).

**{¶ 22}** "[W]here the General Assembly has enacted a complete and comprehensive statutory scheme governing review by an administrative agency, exclusive jurisdiction is vested within such agency." *Kazmaier Supermarket v. Toledo Edison Co.*, 61 Ohio St.3d 147, 153 (1991). "The General Assembly has by statute pronounced the public policy of the state that the broad and complete control of public utilities shall be within the administrative agency, the Public Utilities Commission." *Id.* at 150-151. Title 49 of the Revised Code "reflects a comprehensive statutory regime that governs the business activities of public utilities." *Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless*, 113 Ohio St.3d 394, 2007-Ohio-2203, ¶ 17. PUCO has "exclusive jurisdiction over various matters involving public utilities, such as rates and charges, classifications, *and service*, effectively denying to all Ohio courts (except [the supreme court]) any jurisdiction over such matters." (Emphasis added.) *State ex rel. Cleveland Elec. Illuminating Co. v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 447, 450 (2000). *See also* R.C. 4903.12 and R.C. 4933.90.[4] "A court of common pleas, however, retains limited subject-matter jurisdiction over pure tort and contract actions involving utilities regulated by the commission." *DiFranco v. FirstEnergy Corp.*, 134 Ohio St.3d 144, 2012-Ohio-5445, ¶ 20.

**{¶ 23}** Duke Energy contends its exclusive-right claim "is not *per se* a service case; it is a distribution case," and argues this distinction gives the trial court jurisdiction over the case. The Ohio Supreme Court has recognized that in determining whether a common pleas court has jurisdiction over a claim involving a public utility, "courts must look to the substance of the allegations in the complaint to determine proper jurisdiction." *Id.* at ¶ 27.

**{¶ 24}** Duke Energy's complaint alleges, in pertinent part, the following:

---

4. R.C. 4903.12 provides that "[n]o court, other than the supreme court shall have power to review, suspend, or delay any order made by the public utilities commission, or enjoin, restrain, or interfere with the commission or any public utilities commissioner in the performance of official duties." With respect to the Certified Territories Act, R.C. 4933.90 provides that "[a]ction of the public utilities commission pursuant to sections 4933.81 to 4933.90 of the Revised Code is subject to review in accordance with Chapter 4903. of the Revised Code[.]"

8. With regard to electric service under the Certified Territories Act, R.C. 4933.81, et seq., a public utility is assigned a specific territory for which it is the exclusive provider. Natural gas service is determined by PUCO-approved tariffs which have the force and effect of general law.

9. Duke Energy Ohio, with its predecessors, have been the exclusive providers of natural gas and electric service within Fairfield Township for many decades.

* * *

12. Duke Energy Ohio is the exclusive electric provider to customers within Fairfield Township pursuant to the Certified Territories Act, and as such has agreed to provide and continues to provide plentiful, safe, and reliable electric service to Fairfield Township.

13. Duke Energy Ohio is also the exclusive provider of natural gas to customers within Fairfield Township pursuant to Duke Energy Ohio tariffs approved by the PUCO, and as such has agreed to provide and continues to provide plentiful, safe, and reliable natural gas service to Fairfield Township.

14. Duke Energy Ohio is the exclusive provider of natural gas and electric within the areas of Fairfield Township which are now located in the JEDD.

15. Duke Energy has capability to supply gas and electric service to any area within Fairfield Township that may be added to the JEDD.

* * *

17. Hamilton does not have unrestricted authority to provide natural gas and electric service outside of the municipality's territory and to compete with public utilities operating under PUCO regulatory control.

* * *

25. Pursuant to the * * * [letter of intent], Hamilton will provide electric and natural gas services to the [209-acre] Added Area even though such area is within the exclusive service territory of Duke Energy Ohio.

26. Hamilton intends to construct new utility infrastructure and to become exclusive provider of natural gas and electric service to the JEDD Added Area, thus acting as a general public utility, but

without PUCO regulation.

27. Hamilton has not sought nor has Duke Energy granted Hamilton any permission to serve customers in the JEDD Added Area. Duke Energy Ohio is vigilant in protecting its exclusive service territory and in the administration of its tariffs.

28. Pursuant to the [letter of intent], Hamilton and Fairfield Township, through its Trustees, expect to complete and exclude the * * * amendment on or before May 1, 2017. The effect of the JEDD amendment will enable Hamilton to compete unfairly with Duke Energy Ohio in its exclusive territory which is contrary to the general laws of Ohio.

* * *

32. The controversy is justiciable, and speedy relief is necessary to preserve Duke Energy Ohio's rights to protect its exclusive service territory and tariffs.

{¶ 25} Contrary to Duke Energy's contentions, its exclusive-right claim is a service-based claim that requires the PUCO's administrative expertise to resolve the issue in dispute. *See DiFranco*, 2012-Ohio-5445 at ¶ 28-34. Duke Energy's claim for service exclusivity is based on the Ohio Certified Territories Act and tariffs filed with the PUCO. Both the tariffs and the Act are set forth in Title 49 of the Revised Code and fall within the exclusive purview of the PUCO. "The General Assembly has provided for commission oversight of filed tariffs, including the right to adjudicate complaints involving customer rates and services." *Kazmaier Supermarket*, 61 Ohio St.3d at 151. "[T]he commission is the fact-finder best suited to review and analyze * * * tariff schedules, and commission orders." *DiFranco* at ¶ 34.

{¶ 26} As PUCO has exclusive jurisdiction over service-related matters involving public utilities, we find that the trial court lacked jurisdiction over Duke Energy's exclusive-right claim. In reaching this determination we conclude that Duke Energy's reliance on *Toledo Edison Co. v. Bryan*, 90 Ohio St.3d 288 (2000) is misplaced. Contrary to Duke Energy's assertions, this case does not support its argument that the trial court had subject matter jurisdiction over its exclusive-right claim. In *Toledo Edison*, the issue raised was a

- 11 -

purely constitutional issue, i.e., "whether a municipality has constitutional authority to purchase electricity solely for direct resale to an entity that is not an inhabitant of the municipality and not within the municipality's limits." *Toledo Edison* at 291. Resolution of this issue revolved around the interpretation of Sections 4 and 6 of Article XVIII of the Ohio Constitution. *Id.* at 291-293.[5] Looking at these provisions, the supreme court determined that a municipality was prohibited from purchasing electricity solely for the purpose of reselling it to an entity that is not within the municipality's geographic limits. *Id.* at 293. *Toledo Edison*, therefore, explains the interplay between Sections 4 and 6 of Article XVIII and provides an analysis possibly relevant to a resolution of Duke Energy's constitutional claim – a claim that remains pending in the trial court – but it is not relevant to the exclusive-right claim.

{¶ 27} Accordingly, for the reasons stated above, we find that the trial court did not err in granting Hamilton's motion to dismiss Duke Energy's exclusive-right claim. Duke Energy's sole assignment is overruled.[6]

{¶ 28} Judgment affirmed.

S. POWELL, P.J., and RINGLAND, J., concur.

---

5. Section 4, Article XVIII of the Ohio Constitution addresses a municipality's authority to produce and acquire a public utility, product, or service for supply to the municipality or its occupants. Section 6, Article XVIII of the Ohio Constitution allows a municipality that owns or operates a utility for the purpose of generating its own natural gas or electricity to sell surplus natural gas or electricity in an amount not exceeding 50 percent of the total service or product supplied within the municipality. Hamilton's constitutional authority under Sections 4 and 6 of Article XVIII to provide natural gas and electric service to the 209-acre area located in Fairfield Township is an issue that remains pending in the trial court.

6. We note that on April 13, 2018, Duke Energy provided this court with a Notice of Supplemental Authority, directing this court's attention to *St. Clairsville v. South Central Power Co.*, Pub. Util. Comm. No. 17-1750-EL-CSS, 2018 Ohio PUC LEXIS 402 (Apr. 11, 2018), a recent opinion by PUCO. We have reviewed this non-binding opinion, and find it unpersuasive and distinguishable from the case at hand.