[Cite as *902 Carp Loveland, L.L.C. v. Potts*, 2026-Ohio-1313.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| 902 CARP LOVELAND, LLC, | : | |
| Appellee, | : | CASE NO. CA2025-09-063 |
| vs. | : | <u>OPINION AND</u><br><u>JUDGMENT ENTRY</u><br>4/13/2026 |
| NICOLE POTTS, | : | |
| Appellant. | : | |
| | : | |

CIVIL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2025 CVG 02895

Becker & Cade, and Howard D. Cade III, for appellee.

Eppley Legal Group, and Mark C. Eppley, for appellant.

# **O P I N I O N**

**BYRNE, P.J.**

{¶ 1}  Nicole Potts appeals the order of the Clermont County Municipal Court adopting a magistrate's decision to dismiss the forcible entry and detainer action that 902

Carp Loveland, LLC filed against her.[1] For the reasons described below, we dismiss this appeal for lack of a final appealable order.

## I. Factual and Procedural Background

{¶ 2}  902 Carp Loveland, LLC ("902 Carp") purchased the property at 902 Carpenter Road, Loveland, Clermont County, Ohio. Potts lived on that property in a trailer for some time before 902 Carp purchased the property. 902 Carp understood that Potts had a month-to-month tenancy on the property. On April 11, 2025, 902 Carp served Potts with a thirty-day notice of the cancellation of her month-to-month tenancy, but Potts refused to vacate. On June 4, 2025, 902 Carp served Potts with a three-day notice to vacate but Potts again refused to vacate. On June 16, 2025, 902 Carp initiated a forcible entry and detainer ("FED") action against Potts in the Clermont County Municipal Court.

{¶ 3}  On July 15, 2025, the magistrate held a hearing on the FED action. At the hearing, Potts and Dennis Marksberry, the agent of 902 Carp, testified.

{¶ 4}  During cross-examination of Marksberry, Potts' counsel introduced as evidence a document, executed on October 1, 2009, that indicated that Potts had a "lifelong lease" on the property.[2] The document stated: "I, Samuel C. Potts, Jr., enter a contract with Nicole Flynn for the rental of 902 Carpenter Road in Loveland . . . I am entering a lifelong lease in the amount of $1 per month for Nicole Flynn." (The record indicates that "Nicole Potts" and "Nicole Flynn" are the same person.) Marksberry testified that he was not aware of any lifelong lease on the property.

{¶ 5}  On August 1, 2025, the magistrate dismissed 902 Carp's FED action

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

2. Potts and the municipal court referred to the lease as a "lifelong lease," and did not use the term "life estate." We need not explore the exact nature of the lease because, as previously mentioned, we find that we lack jurisdiction to hear this appeal.

"*without prejudice*." (Emphasis added.) The magistrate found that "Potts's lease [was] defective" because it was not notarized or recorded as required pursuant to R.C. 5301.01 and R.C. 5301.25.[3] The magistrate also found that instead of a lifelong lease, "Potts did have a month-to-month tenancy" and that 902 Carp's three-day notice to vacate was defective because the notice did not contain the mandatory language required by R.C. 1923.04.[4]

{¶ 6} The municipal court judge appears to have adopted the magistrate's decision on the same day it was filed, August 2, 2025. Then, on August 18, 2025, the municipal court judge issued a second order again adopting the magistrate's decision, on the basis that "[n]either party filed timely objections." But that same day, Potts filed objections to the magistrate's decision. On September 2, 2025, Potts filed her notice of appeal. Then, in a September 3, 2025 entry, and despite the filing of the notice of appeal, the municipal court dismissed Potts' objections as untimely based on our holding, in *Suburban Realty L.P. v. MD Vape & Tobacco, L.L.C.*, that ". . . [T]he objection provisions of Civ.R. 53(D)(3)(b) are, by their nature, 'clearly inapplicable' to FED proceedings due to their summary nature." 2023-Ohio-3198, ¶ 30 (12th Dist.).

{¶ 7} On appeal, Potts raises one assignment of error.

## II. Law and Analysis

{¶ 8} Potts' sole assignment of error states:

THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT'S LEASE (LIFE-LONG) WAS DEFECTIVE.

---

3. R.C. 5301.01(A) states that, "[a] deed, mortgage . . . or a lease of any interest in real property . . . *shall be signed by* the grantor . . . or lessor . . . before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement." (Emphasis added.) R.C. 5301.25(A) states that "[a]ll deeds, land contracts . . . and instruments of writing properly executed for the conveyance or encumbrance of lands . . . *shall be recorded* in the office of the county recorder of the county in which the premises are situated." (Emphasis added.)

4. Though the magistrate's decision was file-stamped on August 1, 2025, the magistrate's signature was dated July 30, 2025.

**{¶ 9}** Though she was the prevailing party below, Potts argues that the municipal court erred in adopting the magistrate's decision to dismiss 902 Carp's FED action against her. While she does not challenge the dismissal of the FED action, she does challenge the magistrate's finding that Potts' alleged lifelong lease was defective. Potts asks this court to find her lifelong lease enforceable because, as she argues, the lease's lack of notarization and recording do not bear on the enforceability of the lease. Potts also argues that the alleged lifelong lease agreement is enforceable because she partially performed the contract under the statute of frauds and because 902 Carp had constructive notice of her possessory interest in the land.

**{¶ 10}** However, we decline to reach the merits of Potts' arguments because the municipal court's adoption of the magistrate's decision was not a final appealable order pursuant to R.C. 2505.02, as explained below.

### A. Background Law: Final Appealable Orders

**{¶ 11}** "Appellate courts have jurisdiction over judgments or final orders of inferior courts within their district." *Smith v. Ironwood at Shaker Run Condominium Owners' Assn., Inc.*, 2021-Ohio-346, ¶ 14 (12th Dist.), citing Ohio Const., art. IV, § 3(B)(2); R.C. 2505.03(A). "If an order is not final and appealable, then the appellate court has no jurisdiction to review the matter and must dismiss the appeal." *Smith* at ¶ 14, citing *Carpenter v. Carpenter*, 2013-Ohio-4980, ¶ 8 (12th Dist.). "'An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met.'"[5] *Duke Energy Ohio, Inc. v. City of Hamilton*, 2018-Ohio-2821, ¶ 12 (12th Dist.), quoting *State ex rel. Scruggs v. Sadler*, 2002-Ohio-5315, ¶ 5.

---

5. Civ.R. 54(B) applies to actions involving multiple claims and parties and is therefore inapplicable to this case.

{¶ 12} R.C. 2505.02 provides that an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment . . ." R.C. 2505.02(B)(1). "A 'substantial right' is 'a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.'" *Duke* at ¶ 13.

{¶ 13} "Generally, where a cause is dismissed *without prejudice* and otherwise than on the merits . . . the parties are left in the same position as if the plaintiff had never brought the action" and "[t]herefore, a dismissal without prejudice is not a final determination of the rights of the parties and does not constitute a final order pursuant to R.C. 2505.02." (Emphasis added.) *Showe Mgt. Corp. v. Wilmore*, 2012-Ohio-3212, ¶ 23 (5th Dist.) citing *Cent. Mut. Ins. Co., v. Bradford-White*, 35 Ohio App.3d 26 (6th Dist. 1987); *see also Duke* at ¶ 15, quoting *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 2007-Ohio-2942, ¶ 8 ("'Ordinarily, a dismissal, otherwise than on the merits does not prevent a party from refiling and, therefore, ordinarily, such dismissal is not a final, appealable order.'").

### B. Analysis: Final Appealable Order

{¶ 14} Here, we lack jurisdiction to hear Potts' appeal because the municipal court's order adopting the magistrate's decision dismissing 902 Carp's FED action without prejudice was not a final appealable order. This is so because the decision and order did not "determine" or "dictate" the fate of Potts' lease. After the court's order, Potts still lived on the land as she had done before; therefore, Potts cannot say that the court's order "affected" her "substantial rights." In other words, the municipal court's order did not have a legal bearing on Potts' alleged lease, as she was in the same situation after dismissal of the FED action as before 902 Carp initiated the FED action against her. Also, because the dismissal of 902 Carp's FED action was *without prejudice*, Potts had the opportunity

- 5 -

to relitigate her arguments about the validity of the "lifelong lease" in a subsequent action.[6]

{¶ 15}   Therefore, Potts did not appeal from a final order. Accordingly, we dismiss her sole assignment of error for lack of jurisdiction.

{¶ 16}  Appeal dismissed.

 PIPER and M. POWELL, JJ., concur.

## J U D G M E N T   E N T R Y

Upon consideration of the appeal and briefs before this court, and the above Opinion, it is the order of this court that this appeal should be and hereby is dismissed because the order appealed from is not a final appealable order. This Court is therefore without jurisdiction.

It is further ordered that a mandate be sent to the Clermont County Municipal Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed to appellant.

_____
*/s/ Matthew R. Byrne, Presiding Judge*

_____
*/s/ Robin N. Piper, Judge*

_____
*/s/ Mike Powell, Judge*

---

[6] *See 902 Carp Loveland, L.L.C. v. Potts*, Clermont M.C. No. 2025-CVG-03928.